Matter of Blyer (2025 NY Slip Op 04005)

Matter of Blyer

2025 NY Slip Op 04005

Decided on July 2, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LILLIAN WAN, JJ.

2022-05291

[*1]In the Matter of Steven R. Blyer, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Steven R. Blyer, respondent. (Attorney Registration No. 1750959)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion dated July 19, 2024, under Appellate Division Docket No. 2024-02327, this Court immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(d)(f) as a result of his conviction of a serious crime. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 26, 1972.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Tesser, Ryan & Rochman, LLP, White Plains, NY (Randall Tesser of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition and a verified petition, both dated July 7, 2022. The respondent served and filed a verified answer dated August 17, 2022, admitting some of the factual allegations contained in the petition, but denying most of the factual allegations and the conclusions of law therein. By stipulation executed on November 3, 2022, the petition was amended and the respondent admitted all factual allegations in the amended petition but denied the conclusions of law contained therein. By decision and order on application dated October 13, 2022, the matter was referred to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. Four prehearing conferences were held on November 15, 2022, February 1, 2023, April 4, 2023, and June 14, 2023. A disciplinary hearing was held on July 18, 2023. In a report dated September 12, 2023, the Special Referee sustained all seven charges in the amended petition.
The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent submits an affirmation in response to the Grievance Committee's motion to confirm the Special Referee's report, in which the respondent does not oppose the Grievance Committee's motion and submits that, under the circumstances, a sanction of public censure would be appropriate.
By decision and order on motion dated July 19, 2024, this Court immediately suspended the respondent, under Docket No. 2024-02327, based on his conviction of the serious [*2]crime of criminal possession of a forged instrument in the third degree, in violation of Penal Law § 170.20, a class A misdemeanor. The respondent's disciplinary proceeding and criminal conviction are based on the same misconduct.
The Amended Petition 
The amended petition contains seven charges of professional misconduct concerning the respondent's conduct during his law firm's representation of Kathy Chiriboga in a personal injury action. Charges one through seven are based on the facts below:
The respondent is a partner at the law firm Blyer & Kurland, P.C. (hereinafter the law firm). In February 2018, the law firm represented Chiriboga in connection with a slip-and-fall accident that occurred on February 10, 2017. The law firm was to commence an action on Chiriboga's behalf. The statute of limitations for the cause of action expired on February 10, 2020, and the law firm failed to commence an action before the statute of limitations expired.
On or about February 18, 2020, the respondent filed a summons and complaint in Supreme Court, Queens County, titled Chiriboga v Chopenko (Index No. 702814/2020). In the complaint, the respondent asserted that Chiriboga's accident had occurred on February 20, 2017, rather than February 10, 2017. The respondent also signed the name of another attorney, Andrew Staulcup, to the summons, complaint, and the attorney's verification without Staulcup's knowledge or consent. On or about June 13, 2020, the respondent served the complaint on the defendant. On or about January 27, 2021, the respondent executed a stipulation of discontinuance with prejudice in the action without Chiriboga's consent. The respondent did not notify Chiriboga until on or about February 7, 2022, that her case had been discontinued with prejudice. As of March 31, 2022, the respondent had not informed Chiriboga that she may have a legal malpractice claim against the law firm.
Based on the foregoing, charge one, as amended, alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge two alleges that the respondent failed to reasonably consult with his client about the means by which the client's objectives were to be accomplished, in violation of rule 1.4(a)(2) of the Rules of Professional Conduct. Charge three alleges that the respondent engaged in conduct involving misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct. Charge four, as amended, and charge six allege that the respondent failed to promptly inform his client of material developments in the client's legal matter, in violation of rule 1.4(a)(1)(iii) of the Rules of Professional Conduct. Specifically, charge four pertains to the respondent's execution of the stipulation of discontinuance with prejudice without the client's consent, and charge six pertains to the respondent's failure to advise his client that she may have a legal malpractice claim against the law firm. Charge five alleges that the respondent failed to keep his client reasonably informed about the status of her legal matter, in violation of rule 1.4(a)(3) of the Rules of Professional Conduct. Charge seven alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing Record 
The respondent testified that during the first 13 to 14 years of his career, he worked for an insurance carrier handling negligence cases. Since 1985, the respondent has been in private practice, with 90% of his practice involving personal injury matters, along with some malpractice and real estate matters. In or about 2013 or 2014, the respondent started the law firm with his daughter. Other than Staulcup, no other attorneys were employed by the law firm. The respondent supervised Staulcup's work and handled administrative matters at the office. The respondent described his practice as busy, with approximately 40 to 50 cases being handled by the law firm at any given time. Although the respondent testified that he hired Staulcup with the intention of downsizing the respondent's involvement in the law firm, the respondent also testified that he was working seven days a week, approximately 60 to 70 hours a week.
The respondent and Staulcup met Chiriboga through her brother. According to the respondent, Chiriboga's brother was the "family representative" and the respondent communicated with the brother about various legal matters for which the family had retained the law firm. However, according to the respondent, when Chiriboga was injured in the slip-and-fall accident, she called Staulcup to retain the law firm, and Staulcup alone was handling this case.
According to the respondent, a few days after February 10, 2020, shortly before Staulcup left for vacation, Staulcup placed a copy of the summons and complaint for the Chiriboga [*3]matter on the respondent's desk. On the summons, Staulcup had written, "SOL Has Been Blown." The respondent testified that he subsequently had a conversation with Staulcup regarding the date of the accident, and the respondent continued to believe that the date of the accident was February 20, 2017. Staulcup left for vacation, and the respondent retrieved a copy of the summons and complaint from the law firm's computer, changed the complaint to state that the date of the accident was February 20, 2017, signed Staulcup's name on the summons, complaint, and attorney's verification, and filed those documents in the Supreme Court, Queens County, on February 18, 2020. The respondent testified that he kept Staulcup's name on the court filings because Staulcup had drafted the complaint and the respondent and Stualcup had an understanding that they could sign the other's name if one of them was not in the office.
The respondent testified that although Staulcup, who had been strictly handling Chiriboga's slip-and-fall case, had informed the respondent that the date of the accident was February 10, 2017, the respondent did not call Chiriboga to verify the accident date because the respondent was "embarrassed" that he did not know about the case. The respondent figured that if Staulcup was correct and the date of the accident was February 10, 2017, then the case would not proceed. If the respondent was correct and the date of the accident was February 20, 2017, the respondent would avoid embarrassment and the case would proceed. During his examination under oath (hereinafter EUO), the respondent testified that he did what he thought was best for the client and that his actions were "not to benefit [himself] in any way."
When Staulcup returned from vacation, he discovered that the respondent had signed Staulcup's name on the summons, complaint, and attorney's verification, and expressed his disapproval. The respondent testified that he and Staulcup had a short conversation during which the respondent explained that signing Staulcup's name to the court filings was "the simplest way to get it done." The respondent admitted that Staulcup told the respondent not to serve the summons and complaint on the defendant, but the respondent did so anyway because Staulcup never provided evidence that the respondent was wrong about the date of the accident.
On or about October 19, 2020, Staulcup produced an email from Chiriboga stating that her accident had occurred on February 10, 2017. At the respondent's EUO, he contended that this email was "fictitious." Nevertheless, after the respondent was shown the email, he testified that he had notified the parties at a preliminary conference on November 20, 2020, that the statute of limitations had expired. A stipulation of discontinuance dated January 27, 2021, was not filed until March 19, 2021.
At the hearing, the respondent testified that he never told Chiriboga that he had discontinued her case, but that he "[c]ould possibly have told her brother" because the brother was the family patriarch and had referred cases to the law firm. On or about December 7, 2021, approximately nine months after the respondent discontinued the case, Chiriboga wrote to the respondent to inquire, inter alia, about the status of her case. On or about February 7, 2022, the respondent sent a letter to Chiriboga informing her that the slip-and-fall case had been "dismissed by the [c]ourt" based on the expiration of the statute of limitations.
The respondent admitted that he had received two Admonitions, one personally delivered, and one Letter of Caution during his legal career, all for neglecting client matters and for shortcomings in the respondent's communication with clients. The respondent provided one character letter from attorney Bernard Vishnick in support of the respondent's good character and reputation.
The Special Referee's Report 
In a report dated September 12, 2023, the Special Referee sustained all seven charges in the amended petition. In mitigation, the Special Referee found that during the past several years, the respondent had suffered various physical ailments. The Special Referee also found that the respondent "is somewhat remorseful though he consistently argued and maintained that his actions were taken in the best interests of his client and were reasonable at the time." In aggravation, the Special Referee found that "[d]espite substantial evidence to the contrary, Respondent maintained that his actions, or lack thereof, were justifiable, and he attempted to shift responsibility to a junior associate, Andrew Staulcup."
Findings and Conclusion 
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained all seven charges in the amended petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we have considered the respondent's prior [*4]disciplinary history for similar misconduct, his lack of remorse, the injury to the client, and the mitigation provided by the respondent.
Under the totality of the circumstances, we find that the respondent's conduct warrants a suspension from the practice of law for three years.
LASALLE, P.J., DILLON, DUFFY, BARROS and WAN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Steven R. Blyer, a suspended attorney, is suspended from the practice of law for a period of three years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 3, 2028. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Steven R. Blyer, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Steven R. Blyer, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven R. Blyer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court